JaSHORTESS, Judge.
Barbara Penny (plaintiff) sued the State of Louisiana, through the Department of Public Safety and Corrections[1] (defendant), and August Skinner, an employee of the Louisiana Correctional Institute for Women at St. Gabriel (LCIW), alleging that while she was an inmate at LCIW, Skinner raped and impregnated her.[2]
The ease was tried on stipulations and documentary evidence alone. Skinner’s deposition testimony was admitted into evidence. He invoked his Fifth Amendment right against self-incrimination when asked if he had had a sexual relationship with plaintiff.
The following stipulations are relevant:
1. Plaintiff became pregnant while incarcerated at LCIW.
2. Skinner was employed by LCIW as a maintenance electrician.
3. Skinner “never physically or verbally threatened, coerced, forced, or intimidated [plaintiff] into any sexual relationship.” He had no power to change her sentence, condition of service of sentence, her eligibility or likelihood for parole, or other conditions of incarceration, and she knew this.
4. DNA blood testing revealed a high probability that Skinner is the father of plaintiffs child, but Skinner never admitted having a sexual relationship with plaintiff or being the father of her child.
Although plaintiff originally alleged she was raped, her theory of recovery at trial was that she was incapable of giving meaningful consent due to her incarceration. Thus, she argued, Skinner’s conduct was tor-tious, and defendant was vicariously hable for his actions. She also alleged defendant was negligent in the way it supervised and trained male employees.
The trial court, in brief written reasons, held no tort had occurred because plaintiffs pregnancy resulted from consensual intercourse. The court found no |3merit to her argument that an inmate could not give meaningful consent. It did not address her other negligence claims but dismissed her suit as to all defendants. Plaintiff appeals.
Consent is defined as “Agreement, approval, or permission as to some act or purpose, especially] given voluntarily by a competent person-” (Emphasis added.)[3] Plaintiff contends consent, from a legal standpoint, is mutable and variable. She cites Louisiana criminal statutes making sexual intercourse criminal when one of the parties is incapable of consenting due to “stupor or abnormal condition of the mind from any cause,” [4] “unsoundness of mind,”[5] or ten *1175 der age.[6] She also cites L.K. v. Reed,[7] wherein a thirteen-year-old special-education student was allegedly raped by another student. In that case, the court held the victim’s age, intellect, social skills, and family stress rendered any consent she might have given “almost meaningless.”[8]
Plaintiff contends a female inmate is incompetent to give consent because her “physical freedom, and personal liberty, including her capacity to make choices, [a]re curtailed and limited by the very parameters of her incarceration.” She argues the circumstances of her imprisonment, the prison environment itself, and the attendant emotional and psychological stresses render her consent almost meaningless from a legal standpoint.
Plaintiff cites a New York statute that she contends recognizes the inability of a prison inmate legally to consent. That statute, however, is not so broad. In 1996 the New York legislature amended Penal Chapter 40, subsections 130.05(3)(e) and (f), in an effort to deter consensual relations between “professional” correctional facility employees and resident inmates. It makes criminal sexual relations with inmates by those employees “providing custody, medical or mental health services, counseling services, educational programs, or vocational training.” It does not extend to aUperson such as Skinner, a maintenance worker, who had no authority over plaintiff whatsoever.
While we recognize there are certain stresses attendant to incarceration, they do not rise to such a level as would render plaintiff, an adult with normal mental capacity, incapable of consenting to sexual relations. Thus, we find no manifest error in the trial court’s finding that plaintiff’s sexual relationship with Skinner was consensual.
Although the trial court did not explicitly address plaintiff’s negligence claims, they were implicitly rejected by the court’s dismissal of plaintiff’s suit. Plaintiff asserts defendant negligently hired and supervised Skinner and other male employees and thus failed to protect female inmates like plaintiff from sexual assault. The fallacy in this argument is that Skinner did not sexually assault plaintiff; they engaged in a consensual sexual relationship. The parties stipulated such relationships are strictly forbidden by the rules and regulations of LCIW, and all employees, including Skinner, were aware of that prohibition. Defendant was not obligated to “protect” plaintiff from her own willful violation of LCIW rules. Thus, plaintiff failed to show any direct negligence on the part of defendant.
For the foregoing reasons, the judgment of the trial court dismissing plaintiff’s suit is affirmed, at plaintiffs costs.
AFFIRMED.

. Plaintiff in her petition improperly referred to defendant as the Department of Corrections.

. She also sued Johnnie Jones, LCIW warden. In the Stipulation of Facts filed into evidence at trial, she agreed to dismiss her claims against Jones. Penny brought the suit individually and on behalf of her minor son, Derrick Wayne Allen. She was properly qualified as his tutrix.

. Black’s Law Dictionary 126 (Pocket Ed.1996).

. La. R.S. 14:43(A)(1).

. La. R.S. 14:43(A)(2).

. La. R.S. 14:42(A)(4); La. R.S. 14:81.

. 93-659 (La.App. 3d Cir. 2/2/94), 631 So.2d 604, writ denied, 94-0544 (La.4/29/94), 637 So.2d 461.

. Id. at 608.